**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **SAMUEL McCOY WADE** | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 2:13-0011 |
| | ] | Judge Sharp |
| **OVERTON COUNTY JAIL** | ] | |
| Defendant. | ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Overton County Jail in Livingston, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Overton County Jail, seeking injunctive relief and damages.

The plaintiff complains about conditions of his confinement. More specifically, he claims that he has been denied adequate bedding, that the plumbing is inadequate, he is being forced to share a cell with an unbalanced cell mate, and that his legal mail was opened without his consent. In addition, the plaintiff complains that he is not given milk daily, that he is denied those items needed to maintain personal hygiene, and that there is mold growing on the ceiling at the Jail.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the

Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Overton County, the entity responsible for the operation of the Jail. However, for Overton County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                                                                         */s/ Kevin H. Sharp*
                                                                                                         Kevin H. Sharp
                                                                                                         United States District Judge